UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONALD MINEFIELD,<br>Petitioner, | : <br> : <br> : | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2241 |
| v. | : <br> : | |
| DARLENE DREW,<br>Respondent. | : <br> : | CIVIL ACTION NO.<br>1:13-CV-2102-WSD-LTW |

## FINAL REPORT AND RECOMMENDATION

Petitioner is confined at the federal prison in Atlanta, Georgia. Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a brief opposing habeas relief, and Petitioner filed a reply. (Docs. 10, 11.) For the reasons discussed below, the undersigned recommends that the petition be dismissed.

In 1995, a jury in the U.S. District Court for the Middle District of Alabama convicted Petitioner of three counts of distributing cocaine and one count of engaging in a continuing criminal enterprise ("CCE"). (Doc. 1 at 2; Doc. 10-2.) Petitioner was also charged with conspiring to distribute cocaine, but the court granted the government's motion to dismiss that charge. (Doc. 1 at 2.)

The trial court sentenced Petitioner to twenty years of imprisonment on each of the three distribution convictions and life imprisonment on the CCE conviction. (Doc. 10-2 at 2-3.) The trial court ordered that the sentences run concurrently. (*Id.*)

Because Petitioner received sentence credit beginning with his jail confinement on February 16, 1994, his twenty-year sentences for the distribution convictions have ended, and he is now imprisoned under the life sentence for the CCE conviction. (Doc. 10-3.)

After his judgment of conviction was affirmed on direct appeal, Petitioner filed in June 1999 a motion challenging the judgment under 28 U.S.C. § 2255. (Doc. 10-4 at 43.) The sentencing court denied that motion in 2003. (*Id.* at 73.)

Petitioner then filed in the sentencing court several motions challenging his convictions and sentence, many of which were construed as successive § 2255 motions. (*Id.* at 95-107; Docs. 10-5 through 10-20.) All of the motions were denied. (*Id.*) The sentencing court denied the most recent motion – a "Motion to Re-open" – in October 2013, construing the motion as "at least the sixth § 2255 motion filed by [Petitioner] attacking his 1995 conviction and sentence." (Doc. 10-18 at 1-4.) Petitioner has never obtained permission from the U.S. Court of Appeals for the Eleventh Circuit to file a successive § 2255 motion. (*Id.*) Petitioner claimed in his most recent request to file another § 2255 motion that he was actually innocent of the CCE conviction, but the court of appeals rejected his arguments in December 2013. (Doc. 10-20.)

Petitioner contends in his § 2241 petition in this case that he is actually innocent of the three cocaine distribution convictions and thus is innocent of the CCE conviction because the distribution convictions were the predicates for that offense. (Doc. 1 at 3-4.) Petitioner further contends that he is "actually innocent of the sentencing scheme the District Court used" for the conspiracy count in the indictment because the court calculated the quantity of cocaine based on periods of time in which Petitioner was not involved in the conspiracy. (*Id.* at 4.) As noted above, however, it is undisputed that Petitioner was not convicted of the conspiracy charge or sentenced on it. (Doc. 10-2.) Like his request to the court of appeals to file another § 2255 motion, Petitioner presented no new evidence to support his claim in his § 2241 petition that he is actually innocent of his crimes. (*See* Doc. 10-20.) Petitioner contends that testimony presented at trial shows his innocence. (Doc. 1 at 3-4.)

Petitioner clarified in his reply brief that he seeks relief under § 2241 via the "savings clause" found in 28 U.S.C. § 2255(e), as he must given that he has been denied permission to again challenge his judgment of conviction directly under § 2255. (Doc. 11.) The savings clause allows a federal prisoner to obtain relief under § 2241 only if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner

3

bears the burden of affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy. *Smith v. United States*, 263 F. App'x 853, 856 (11th Cir. 2008). A federal prisoner cannot obtain relief via the savings clause simply because he is barred from filing another § 2255 motion by § 2255(h)'s "second or successive" provision. *Gilbert v. United States*, 640 F.3d 1293, 1308-12 (11th Cir. 2011) (en banc).

"The applicability of the savings clause is a threshold jurisdictional issue" that district courts must determine before reaching the merits of a § 2241 petitioner's claims. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013) ("[W]e hold that the savings clause does indeed impose a subject-matter jurisdictional limit on § 2241 petitions."). The Court thus cannot review Petitioner's claim that he is actually innocent of his CCE conviction unless it first determines that he has met his burden of showing that the savings clause applies.

In the Eleventh Circuit, the savings clause permits review of a claim if: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted of a non-existent offense; and (3) circuit law squarely foreclosed the claim at the time of the petitioner's trial, appeal, and first § 2255 motion. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). The Eleventh Circuit later characterized *Wofford*'s three-prong

test as dicta "because all [the petitioner's] claims [in *Wofford*] were sentencing claims, none of which rest[ed] upon a circuit law-busting, retroactively applicable Supreme Court decision" and characterized *Wofford*'s "actual holding" as being "that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." *Gilbert*, 640 F.3d at 1319 (quotation marks omitted). The Eleventh Circuit nevertheless has applied *Wofford*'s test to § 2241 petitions, like Petitioner's, that challenge convictions rather than sentences. *See Jones v. Warden, FCC Coleman-Medium*, 520 F. App'x 942, 944-45 (11th Cir. 2013) (petitioner claimed that he was actually innocent because government unlawfully obtained key evidence against him), *cert. denied*, 134 S. Ct. 711 (2013); *Marshall v. United States*, 514 F. App'x 936, 936-38 (11th Cir. 2013) (petitioner claimed that he was actually innocent "because he did not know that an altered social security number he unlawfully used belonged to an actual person"), *cert. denied*, 133 S. Ct. 2749 (2013); *Maye v. Warden*, 458 F. App'x 878, 879 (11th Cir. 2012) (petitioner claimed innocence of his crimes), *cert. denied*, 133 S. Ct. 981 (U.S. 2013).

Petitioner does not satisfy *Wofford*'s three-part test and has shown no other basis for application of the savings clause. Petitioner has identified no retroactively applicable Supreme Court decision that established that he was convicted of a non-

existent offense and has presented no claim that Eleventh Circuit law foreclosed at the time he filed his § 2255 motion in June 1999.

The cases Petitioner relies on do not support his claim for relief under the savings clause. Petitioner contends that *Richardson v. United States*, 526 U.S. 813 (1999) is a retroactively applicable case showing that he was wrongly convicted of engaging in a CCE and that *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) and *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013) allow him to bring his actual innocence claim under the savings clause. (Doc. 11.) The Court disagrees.

The Supreme Court held in *Richardson* that "a jury in a federal criminal case brought under § 848 [the CCE statute] must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'" *Richardson*, 526 U.S. at 815. *Richardson* did not eliminate the crime of engaging in a CCE or decriminalize the conduct in which Petitioner was found to have engaged. *See Daniels v. Warden, FCC Coleman-USP I*, 538 F. App'x 850, 853 (11th Cir. 2013) (savings clause did not apply where Supreme Court decision "did not decriminalize [petitioner's] conduct, nor indicate that he was convicted of a non-existent offense"). Moreover, *Richardson* was decided before Petitioner filed his first

§ 2255 motion, so that he could have raised a claim based on *Richardson* at that time.[1]

*McQuiggin* does not help Petitioner because that case did not involve the savings clause, the CCE statute under which Petitioner was convicted, or a substantive claim of actual innocence. The Supreme Court held in *McQuiggin* that a habeas petition barred by the statute of limitations may be considered if the petitioner shows that he is actually innocent of his crimes, i.e., that actual innocence provides a gateway through which a time-barred petitioner may have the merits of his claims reviewed. *McQuiggin*, 133 S. Ct. at 1928. And *Bryant* provides Petitioner no support because it involved a federal sentence enhanced under the Armed Career Criminal Act beyond the statutory maximum sentence for the underlying crime. *See Bryant*, 738 F.3d at 1256 ("The issue is whether the savings clause . . . permits a federal prisoner to bring a § 2241 petition when he has established that his current 235-month sentence for an 18 U.S.C. § 922(g) conviction exceeds the 10-year statutory maximum penalty authorized by Congress under 18 U.S.C. § 924(a)."). Petitioner's sentence was not

---

[1] Petitioner's assertion that *Richardson* was not made retroactively applicable until after he filed his § 2255 motion misses the mark because the relevant date is the date *Richardson* was decided. That is when Petitioner had a "genuine opportunity" to raise any claim based on *Richardson*. *See Bryant*, 738 F.3d at 1272-74; *Turner*, 709 F.3d at 1334 (holding that because Supreme Court case "was decided before Turner's initial § 2255 motion . . . he had the opportunity to raise it in his § 2255 motion" and the savings clause thus did not apply).

enhanced under the Armed Career Criminal Act or any other statute, and the CCE statute provided for a maximum sentence of life imprisonment. See 21 U.S.C. § 848(a).[2] Neither *McQuiggin* nor *Bryant* are "circuit-law busting" cases that rendered non-existent any of Petitioner's crimes and neither case supports Petitioner's claim that he is entitled to relief under the savings clause. See *Bryant*, 738 F.3d at 1273 (quotation marks omitted).

Petitioner is simply seeking another bite at the apple in a new forum. After repeated denials of his claims, including his claim of innocence, by the sentencing court and the court of appeals, Petitioner now presents his claims to this Court under § 2241. But he has not "open[ed] the portal to a § 2241 proceeding," i.e., he has not made the threshold showing that the savings clause applies to his claims. See *Wofford*, 177 F.3d at 1244 n.3; *see also Jones*, 520 F. App'x at 945 (holding that because § 2241 petitioner had not shown that a retroactively applicable Supreme Court decision established that he was convicted of a nonexistent offense, his claims of actual innocence "clearly do not open the portal to the savings clause's limited jurisdiction"); *Marshall*, 514 F. App'x at 938 ("Because his claim [that he lacked the

---

[2] The CCE statute always has provided for a maximum term of imprisonment of life, including at the time Petitioner committed his crimes.

requisite knowledge] was not foreclosed at the times when he could have asserted it, . . . he has failed to 'open the portal,' which is the threshold requirement for entitlement to § 2241 relief."). The Court thus lacks jurisdiction over the § 2241 petition. *See Williams*, 713 F.3d at 1349-50 (holding that "[t]he district court lacked subject-matter jurisdiction to entertain the matter" where the § 2241 petitioner did not establish that the savings clause applied).

For the foregoing reasons, the undersigned **RECOMMENDS** that this habeas action be **DISMISSED**.

**SO RECOMMENDED**, this \_\_11\_\_ day of \_\_March\_\_, 2014.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE