IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONALD MINEFIELD, a/k/a Billy
Al,

                Petitioner,

v.                                  1:13-cv-2102-WSD

DARLENE DREW,

                Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [12] ("R&R"). The R&R recommends Petitioner Donald Minefield's ("Petitioner") petition for writ of habeas corpus [1] ("Habeas Petition") be denied. Also before the Court are Petitioner's Objections to the R&R [14].

### I. BACKGROUND

Petitioner, confined at the federal prison in Atlanta, Georgia, challenges, under 28 U.S.C. § 2241, his conviction and sentence.

In 1995, a jury in the United States District Court for the Middle District of Alabama convicted Petitioner of three counts of distributing cocaine and one count of engaging in a continuing criminal enterprise ("CCE"). (Habeas Pet. at 2;

[10.2]).  Petitioner was also charged with conspiring to distribute cocaine, but the court granted the government's motion to dismiss that count.  (Habeas Pet. at 2).

The trial court sentenced Petitioner to twenty years imprisonment on each of the three distribution convictions and life imprisonment on the CCE conviction. ([10.2] at 2-3).  The trial court ordered that the sentences run concurrently.  (<u>Id.</u>). Because Petitioner received sentence credit beginning with his jail confinement on February 16, 1994, his twenty-year sentences for the distribution convictions have been served, and he is now imprisoned on the life sentence for the CCE conviction. ([10.3]).

After his judgment of conviction was affirmed on direct appeal, in June 1999, Petitioner filed a motion challenging the judgment under 28 U.S.C. § 2255. ([10.4] at 43).  In 2003, the sentencing court denied the motion.  (<u>Id.</u> at 73).

Petitioner then filed in the sentencing court several motions challenging his convictions and sentence, many of which were construed as successive Section 2255 motions.  (<u>Id.</u> at 95-107; [10.5] – [10.20]).  All of Petitioner's motions were denied.  (<u>Id.</u>).  The sentencing court denied his most recent motion—a "Motion to Re-open"—in October 2013, construing the motion as "at least the sixth § 2255 motion filed by [Petitioner] attacking his 1995 conviction and sentence."  ([10.8] at 1-4).  Petitioner has never obtained permission from the United States Court of

2

Appeals for the Eleventh Circuit to file a successive Section 2255 petition.  (Id.).  In his most recent request to file a further petition under Section 2255, Petitioner claimed that he was actually innocent of the CCE conviction.  In December 2013, the Eleventh Circuit rejected this argument.  ([10.20]).

Petitioner now moves under Section 2241, arguing that he is actually innocent of the three cocaine distribution convictions and thus is innocent of the CCE conviction because the distribution convictions were the predicates for the CCE conviction.  (Habeas Pet. at 3-4).  He also contends he is "actually innocent of the sentencing scheme the District Court used" for the conspiracy count in the indictment because the court calculated the quantity of cocaine based on periods of time in which Petitioner was not involved in the conspiracy.  (Id. at 4).  It is, however, undisputed that Petitioner was not convicted of the conspiracy charge or sentenced on it.  ([10.2]).  As in his request to the Eleventh Circuit to file another Section 2255 motion, Petitioner did not present any new evidence to support his claim in his Section 2241 petition that he is actually innocent of his crimes.  (See [10.2]).[1]

In his reply brief, petitioner now claims he seeks relief under Section 2241

---

[1]   Petitioner contends that unspecified testimony presented at trial shows his innocence.  (Habeas Pet. at 3-4).

3

via the "savings clause" found in 28 U.S.C. § 2255(e).  ([11]).

On March 11, 2014, the Magistrate Judge issued her R&R.  In it, she found that Petitioner could not move under Section 2241, because he did not meet his burden of showing that the savings clause applies.  She found that Petitioner did not meet this burden because he did not present any claim that is based on a retroactively applicable Supreme Court decision.  (R&R at 5).  The Magistrate Judge concluded that "petitioner is simply seeking another bite at the apple in a new forum[,]" and recommended dismissal of his Habeas Petition.  (Id. at 8-9).

On March 24, 2014, Petitioner filed his Objections to the R&R.  Petitioner argues generally that the Magistrate Judge's R&R is "contrary to clearly established federal law."  (Obj. at 2).  Petitioner argues that the Magistrate Judge's reliance on Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999) is misplaced, because the "cause was stated in 'dicta.'"  (Id. at 3).  He claims he does not have to satisfy Wofford's three-part test.  (Id.).  He repeats his argument that Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013) allows him to bring his actual innocence claim under the savings clause.  (Id. at 5-6).  Petitioner requests an evidentiary hearing to allow him to present his actual innocence claim.  (Id. at 7).

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  Petitioner objects to the R&R, and the Court thus conducts its *de novo* review.  28 U.S.C. § 636(b)(1).

### B.   Analysis

Section 2255 prohibits a court from entertaining a federal prisoner's application for habeas corpus relief under Section 2241 if the applicant has not applied for, or has been denied, Section 2255 relief.  Section 2241 relief may be available provided Section 2255 "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  Section 2255(e) is commonly referred to as

Section 2255's "savings clause." The petitioner bears the burden of showing that the savings clause applies. Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015). The savings clause applies to a claim that challenges a conviction when:

> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)).

As a threshold matter, Petitioner argues that the Magistrate Judge's reliance on Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999) is misplaced, because the "cause was stated in 'dicta.'" (Obj. at 3). He argues he does not have to satisfy Wofford's three-part test. (Id.). The Magistrate Judge noted that, while the Eleventh Circuit later recognized the Wofford test as dicta, the Eleventh Circuit has applied the test to Section 2241 petitions that challenge convictions rather than sentences. (R&R at 4-5). The Court agrees, and concludes the Wofford test applies here. See, e.g. Zelaya, 798 F.3d at 1370;[2] Jones v. Warden, FCC Coleman-

---

[2] Even if the Wofford test does not apply, the Zelaya court noted that a "federal prisoner may only employ a § 2241 petition if he has shown that § 2255 is procedurally inadequate to 'test the legality of his conviction.'" (798 F.3d at

6

Medium, 520 F. App'x 942, 944-45 (11th Cir. 2013); Marshall v. United States, 514 F. App'x 936, 936-38 (11th Cir. 2013); Maye v. Warden, 458 F. App'x 878, 879 (11th Cir. 2012).

The Magistrate Judge found that Petitioner does not satisfy the Wofford three-part test and that he has not shown any other basis for application of the savings clause. (R&R at 5). She found that the cases on which Petitioner relies do not support his claim for savings clause relief. (Id. at 6). The Court agrees.

Petitioner contends that Richardson v. United States, 526 U.S. 813 (1999) retroactively applies and supports that he was wrongly convicted of engaging in a CCE. He also contends that McQuiggin v. Perkins, 133 S. Ct. 1924 (2013) and Bryant allow him to assert his actual innocence claim under the savings clause. ([11]).

In Richardson, the Supreme Court held that "a jury in a federal criminal case brought under § 848 [the CCE statute] must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'" Richardson, 526 U.S. at 815. Richardson does not satisfy the

---

1372). Petitioner has not done so here, and this provides an independent basis to deny his Habeas Petition.

7

Wofford test, because it did not "decriminalize [Petitioner's] conduct, nor [did it] indicate that he was convicted of a non-existent offense." Daniels v. Warden, FCC Coleman-USP I, 538 F. App'x 850, 853 (11th Cir. 2013). Even if Richardson did decriminalize the conduct for which Petitioner was convicted, Richardson was decided before Petitioner filed his first Section 2255 motion, so he could have raised a claim based on Richardson at that time. (R&R at 6-7).

In his Objections, Petitioner argues that, had he been appointed counsel as he requested, he would have raised Richardson at the time he filed his first Section 2255 petition. Petitioner, however, does not contest that Richardson did not eliminate the crime of engaging in a CCE or decriminalize the conduct in which Petitioner was found to have engaged. The Supreme Court, moreover, has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions." Penn. v. Finley, 481 U.S. 551, 555 (1987). Petitioner's objection is overruled.

McGuiggin likewise does not allow Petitioner to assert his claims. In McQuiggin, the United States Supreme Court held that actual innocence can serve as a gateway through which a prisoner may bring his first post-conviction challenge despite the expiration of the relevant statute of limitations. 133 S. Ct. at 1928, 1934-36. "The McQuiggin Court emphasized that its holding concerned an

*initial* habeas petition brought by a state prisoner; it did not discuss successive petitions by federal prisoners." Candelario v. Warden, 592 F. App'x 784, 785 (11th Cir. 2014) (dismissing Section 2241 petition where petitioner had previously filed an unsuccessful Section 2255 petition and subsequently raised a claim of actual innocence under Section 2241). Because Petitioner "attacks the validity of his sentence, not the manner of his confinement or execution of his sentence . . . he may bring a § 2241 petition only via the savings clause." Id. at 785-86. "[E]ven assuming McQuiggin is retroactively applicable and applies to federal prisoners," McQuiggin's holding "was limited to *initial* petitions for habeas corpus," and thus does not meet the requirements of the savings clause in this case. Id. at 786 (emphasis in original). This rule applies in our circuit. See Zelaya, 798 F.3d at 1370.

Petitioner next relies on Bryant to satisfy the Wofford test. Bryant, however, involved a federal sentence enhanced under the Armed Career Criminal Act ("ACCA") beyond the statutory maximum sentence for the underlying crime. 738 F.3d at 1256 ("The issue is whether the savings clause . . . permits a federal prisoner to bring a § 2241 petition when he has established that his current 235-month sentence for an 18 U.S.C. § 922(g) conviction exceeds the 10-year statutory maximum penalty authorized by Congress under 18 U.S.C. § 924(a).").

9

Petitioner's sentence was not enhanced under the ACCA or any other statute, and the CCE statute provided for a maximum sentence of life imprisonment. See 21 U.S.C. § 848(a). As the Magistrate Judge noted, neither McQuiggin nor Bryant are "circuit-law busting" cases that rendered non-existent any of Petitioner's crimes, and neither case supports Petitioner's claim that he is entitled to relief under the savings clause. (R&R at 8 (citing Bryant, 738 F.3d at 1273)). The Court agrees.

Petitioner does not provide any other argument or authority to meet his burden to show that the savings clause applies. Petitioner's Section 2241 Habeas Petition is thus required to be denied.

Petitioner requested an evidentiary hearing and the appointment of counsel to allow him to present his claim of actual innocence. (Id. at 7). As discussed above, Petitioner may only bring his Section 2241 petition via the savings clause, and, because he fails to show that his claim satisfied the requirements of the clause, the Court does not have jurisdiction over his Habeas Petition. See Daniels, 538 F. App'x at 853. His request for an evidentiary hearing is thus "moot because he has not met the threshold requirement for showing that the . . . savings clause applies." Id.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Objections to the R&R [14] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [12] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 14th day of April, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE